UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIE HALL, | : | **CIVIL NO. 1:18-CV-01684** |
| Plaintiff | : | |
| | : | (Chief Magistrate Judge Schwab) |
| v. | : | |
| STACEY LINEBAUGH, | : | |
| Defendant | : | |

**ORDER**
June 17, 2020

Having carefully considered the briefs and oral arguments of both parties, we conclude that Ms. Hall has failed to prove that her Laser Spine Institute expenses are not payable by her first party insurance carrier under 75 Pa.C.S. § 1722.[1]  Although Ms. Hall has remaining first party benefits, and 75 Pa.C.S.

---

[1] The parties agree that 75 Pa.C.S. § 1722 applies, with the only contention being whether the Laser Spine Institute expenses are payable.  Section 1722 provides:
>In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits)

§ 1722 precludes recovery of amounts payable as first party benefits, Ms. Hall has not submitted the Laser Spine Institute expenses to her first party benefits carrier. Accordingly, **IT IS ORDERED** that the defendant's motion *in limine* (*Doc. 29*) is **GRANTED.** Therefore, Ms. Hall is prohibited from presenting evidence related to the Laser Spine Institute expenses or from seeking to recover for the Laser Spine Institute expenses.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Chief Magistrate Judge

---

shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 Pa.C.S. § 1722.